Singh-Kaur v. Sessions

BIA
Christensen, IJ
A200 812 998

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand seventeen.

PRESENT:
RICHARD C.WESLEY,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

MANPREET SINGH-KAUR, AKA MANPREET SINGH,
*Petitioner,*

v.                                                          16-1558
                                                            NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, Gell & Gell, New York, N.Y.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manpreet Singh-Kaur ("Singh"), a native and citizen of India, seeks review of an April 26, 2016, decision of the BIA affirming an April 22, 2015, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manpreet Singh-Kaur,* No. A200 812 998 (B.I.A. Apr. 26, 2016), *aff'g* No. A200 812 998 (Immig. Ct. N.Y. City Apr. 22, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the

2

plausibility of his account, and inconsistencies in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). For the reasons that follow, we conclude that substantial evidence supports the agency's finding that Singh was not credible.

First, the agency reasonably relied on the inconsistency between Singh's testimony and his friend's letter regarding the medical treatment Singh and his father received after the June 2010 attack. *See Xiu Xia Lin*, 534 F.3d at 163-64. Singh testified that he was treated for five days and his father treated for three days at a private hospital, which was located in a nearby city outside their village. However, Singh's friend's

3

letter stated: "We took . . . Singh and his father to Village Doctor for treatment. Doctor treated them for 2-3 weeks." Certified Administrative Record at 283. When Singh was asked about this discrepancy, he contradicted his prior testimony and stated that he and his father were *first* brought to the village doctor, but the seriousness of their injuries required them to be taken to the hospital. Singh then explained that his friend "must have meant to say that we were taken to the village doctor and later on the treatment continued for two to three weeks." *Id*. at 216-17. However, the IJ reasonably rejected this explanation on the ground that the letter is best read to state that Singh and his father were treated by the village doctor for two to three weeks. *See Majidi*, 430 F.3d at 80. Although Singh challenges the IJ's interpretation of the letter, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).

Second, the agency reasonably relied on the omission from Singh's parents' affidavit whether Singh and his father received medical treatment after the June 2010 attack. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("[a]n inconsistency and an omission are . . . functionally equivalent" for credibility purposes).

4

The affidavit from Singh's parents, which otherwise describes the June 2010 attack, omits any mention of the medical treatment that Singh testified he and his father had received. When asked about this omission, Singh responded that his parents must have included it, and then stated that he did not know why a description of the medical treatment had been omitted. The agency reasonably rejected these explanations. *See Majidi*, 430 F.3d at 80.

Third, the agency reasonably relied on the omission from Singh's Shiromani Akali Dal letter whether he was attacked for his involvement with the party. *See Xiu Xia Lin*, 534 F.3d at 166-67 & 166 n.3. Although Singh testified that his party was aware of the January and June 2010 attacks that formed the basis of his asylum claim, his party's letter omits any mention of the attacks. When asked about this omission, Singh responded that he only asked for a "party letter" to confirm his membership in the party. The agency reasonably rejected this explanation because the letter provided specific details about Singh and the type of harm that could befall him in the future, and it was therefore implausible that the author would omit the harm that allegedly befell Singh in the past. *See Majidi*, 430 F.3d at 80; *see also Siewe*, 480 F.3d at 167.

Lastly, the agency reasonably found Singh's corroborating evidence insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam)("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Singh challenges the IJ's decision to give diminished weight to his corroborating letters and affidavits because they were written for purposes of Singh's proceedings by interested parties who were not available for cross examination. However, the agency reasonably declined to credit this evidence. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give "letter 'very little evidentiary weight,' both because it was unsworn and because it was submitted by an interested witness"); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to letters from relatives because "[t]he authors of the letters are interested witnesses who were not subject to cross-examination"), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.

2006) (holding that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (alteration in original)(internal quotation marks omitted)).

Given the agency's findings, and its reasonable treatment of Singh's corroborating evidence, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. A reasonable adjudicator would not be compelled to conclude otherwise. *Id.* at 167. The credibility finding is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief due to his status as a politically active Sikh separatist because those claims are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Singh does not meaningfully challenge the agency's determination that he did not establish his eligibility for asylum, withholding of removal, or CAT relief solely on the basis of his Sikh religion, and has therefore waived review of that determination in this Court. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Although Singh asserts that the IJ ignored evidence that established his fear of future persecution, he

is incorrect. The IJ considered this evidence and took administrative notice of the most recent State Department International Religious Freedom Report that addressed religious persecution in India, but reasonably found that the evidence did not describe incidents of persecution against Sikhs on account of their religion. And, while the IJ acknowledged that a report from the Immigration and Refugee Board of Canada reflects the detention of Sikh separatists suspected of "militancy," the IJ correctly observed that this evidence was not relevant to Singh because the political dimension of his claim was not credible. Certified Administrative Record at 131. Singh does not address these findings in his brief.

Lastly, Singh's challenge to the BIA's refusal to consider his supplemental country conditions evidence on appeal or to remand to the IJ for consideration of the evidence in the first instance is meritless. "[T]he Board will not engage in factfinding in the course of deciding appeals," 8 C.F.R. § 1003.1(d)(3)(iv), and "[a] motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen," *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). A movant seeking remand for consideration of new evidence must therefore present "material,

8

previously unavailable evidence," *id.*, and satisfy the "'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in [his] case," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008)(quoting *Immig. & Naturalization Serv. v. Abudu*, 485 U.S. 94, 110 (1988). Singh does not challenge the BIA's finding that his evidence was neither new nor sufficient to alter the outcome of his proceedings and has therefore waived review of that determination in this Court. *See Norton*, 145 F.3d at 117.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9